Lauriat, J.
The defendant in this personal injury action, Eastern Airlines, Inc. (“Eastern"), has moved the court for an order enforcing a settlement agreement that was reached by and between a representative of Eastern and counsel for the plaintiff, Mary Gattereau (“Mary”) on February 11, 1993. On that date, counsel for Mary and her husband Henry Gattereau (“Henry”), sent Eastern a letter confirming the settlement of their claims for a total of $300,000, and expressing his understanding that the checks would be delivered in “approximately four (4) weeks” from that date.[1] The funds representing Mary’s portion of the settlement were not, however, available for delivery to the Gattereaus’ counsel until October 25, 1993, apparently due to the insolvency of one of Eastern’s insurers. At that time, the Gattereaus’ counsel rejected Eastern’s tender as to Mary[2] and asserted that “the proposed settlement never went through.”[3] The present motion followed.
DISCUSSION
Upon reviewing the letter to Eastern from the Gattereaus’ counsel, dated February 11 , 1993, it is clear that the parties had reached a complete settlement of their claims against Eastern. According to his letter to Eastern, Eastern was to pay the Gattereaus a joint settlement of $300,000. Of this amount, $270,000 was allocated for Mary’s past, present and future pain and suffering, and to pay all of her past medical bills. The remaining $30,000 was in settlement of Henry’s personal injury claim against Eastern arising from the same incident. The settlement checks were to be delivered in approximately four weeks. Counsel for the Gattereaus in turn advised Eastern that he was “discontinuing any instituted legal action on this claim.”[4] The parties agreed on all of the elements of the settlement, and it is enforceable as a contract. Peters v. Wallach, 366 Mass. 622, 628 (1975). See Laserage Technology v. Laserage Laboratories, 972 F.2d 799, 802 (7th Cir. 1992), citing Airline Stewards and Stewardesses Association v. Trans World Airlines, Inc., 713 F.2d 319, 321 (7th Cir. 1983).
Mary’s assertion that the settlement never went through because her settlement check was not delivered when promised is without merit. The checks representing Hemy’ s portion of the joint settlement were due from Eastern at the same time as those of Mary, yet were not tendered until June 2, 1993. Nevertheless, despite being delivered nearly three months after their due date, the Gattereaus’ counsel accepted Henry’s checks without objection and filed a Stipulation of Dismissal of Hemy’s claims against Eastern. Although the Gattereaus may have had a breach of contract claim due to Eastern’s tardy performance, the remedy for which may have been repudiation of the settlement agreement, acceptance of a portion of the settlement constituted an accord and satisfaction by which Mary remains bound.[5] Counsel for the Gattereaus had full and apparent authority to act on their behalf, Hubbard v. Peairs, 24 Mass.App.Ct. 372, 377 (1989), and Eastern had the right to rely on his representations that their claims had been settled. Accordingly, this court will enforce the remainder of the settlement agreement reached *553 between counsel for the Gattereaus and Eastern on February 11, 1993, as it pertains to Mary.
At the same time, however, Eastern cannot avoid its own obligation to abide by the terms of the settlement. Its failure to deliver Mary’s settlement check when promised was not due to any fault or failure on her part. To now allow Eastern to satisfy its obligations under the parties’ settlement merely by tendering the agreed sum of $270,000 long after that sum was due, over Mary’s objections, would unfairly allow Eastern to benefit from that delay, while reducing the value of those funds to Mary. Accordingly, the court will require Eastern to pay to Mary, in addition to the agreed upon settlement amount of $270,000, interest in the amount of twelve percent per annum on that principal sum for the period from March 11, 1993, when payment of the settlement was due, until judgment is entered in this case on the order of the court enforcing the settlement agreement. See G.L.c. 231, §6B.
ORDER
For the foregoing reasons, the Defendant’s Motion for an Order Enforcing Settlement Agreement is ALLOWED, and judgment shall enter requiring the defendant Eastern Airlines, Inc. to pay the plaintiff Mary Gattereau, and the plaintiff Mary Gattereau to accept from the defendant Eastern Airlines, Inc., the sum of $270,000, together with interest at the rate of 12% per annum from March 11, 1993, in full settlement of her claims in this action.

Defendant’s Memorandum in Support of its Motion for an Order Enforcing Settlement Agreement, Exhibit A.

 Counsel for the Gattereaus had previously accepted Eastern’s late tender of Henry’s portion of the settlement. See infra.

 Id., Exhibit E.

 Defendant’s Memorandum in Support of Its Motion for an Order Enforcing Settlement Agreement, Exhibit A.

 The existence of two separate releases does not persuade this court otherwise, as plaintiffs counsel, in his February 11, 1993 letter to Eastern, conceded the existence of a single settlement in the total amount of $300,000. The allocation of those funds between Mary and Henry is of no consequence.